## U.S. Fidelity and Guaranty Co. v. Szajowski

*Daniel Morgan,* for plaintiff.
*J. Joseph Grady,* for defendant.

WALSH, *P.J.,* October 26, 1990 — This matter comes before the court by way of plaintiff's petition for a protective order. On November 17, 1986, a fire broke out at Montage Video. The fire caused considerable damage to the building as well as its contents. Plaintiff insurer, USF&G, paid a claim filed by the insureds, Mia and Paul Kobierecki. USF&G then initiated the present action against the original defendant, Steven Szajowski, claiming the fire was caused by the negligent installation of duct work by Szajowski. Plaintiff's expert, William D. Grow, filed a report which supported plaintiff's

claim concerning the cause of the fire. A copy of Mr. Grow's report was furnished to Szajowski. Szajowski filed a notice to take Mr. Grow's deposition. Plaintiff then filed this petition to prohibit the taking of the deposition.

Pa.R.C.P. 4003.5(a) provides in pertinent part:

"(1) A party may through interrogatories require

"(b) the other party to have each expert so identified by him state the substance of facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert . . . .

"(2) Upon cause shown, the court may order further discovery by other means subject to such restrictions as to the scope and such provisions concerning fees and expenses as the court may deem appropriate."

Plaintiffs have notified Szajowski that they intend to call Grow as an expert and plaintiff has also provided Szajowski with a copy of Grow's report. The report is detailed and states succinctly what Grow believes to be the cause of the fire. Szajowski's claim of surprise at trial is unwarranted. At trial, Grow's testimony would be limited to only those matters set forth in his report. Szajowski would not be taken by surprise because of this limited use.

Szajowski also claims the report is too vague and general and does not afford his expert any basis to prepare for trial. We do not agree with this assertion. Grow states in his report that the fire was caused by a damaged phase cable. Grow opined that the cable was damaged by the duct work performed by Szajowski. The report states Grow's opinions and the basis for his opinions. This is more than adequate for the original defendant to prepare for trial. Expert reports have been found to be adequate

when the report provides sufficient notice of the expert's report theory to enable an opposing party to prepare a rebuttal witness. *Wilkes-Barre Iron and Wire Inc. v. Pargas of Wilkes-Barre Inc.,* 348 Pa. Super. 825, 502 A.2d 210 (1985). Accordingly, further discovery is inappropriate.

An order will be entered in conformity with this memorandum.

## ORDER

Now, October 26, 1990, it is hereby ordered and decreed that the petition for a protective order by plaintiff, United States Fidelity and Guaranty Company, is granted.